UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND P. VASSIE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00091-SRW |
| ) | |
| CLAY STANTON, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Raymond P. Vassie, Jr.'s application to proceed in the district court without prepaying fees or costs. Having reviewed the application, the Court finds plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $17.30. Furthermore, based upon an initial review under 28 U.S.C. § 1915(e), the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement from the Northeast Correctional Center for the time period May 16, 2024 through November 16, 2024. Based on this financial information, the Court finds plaintiff has an average monthly deposit of $86.50. The Court will grant plaintiff's application and assess an initial partial filing fee of $17.30, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff has filed this 42 U.S.C. § 1983 action arising out of injuries he suffered at Northeast Correctional Center (NECC) when his bunk bed fell over onto him. He names as defendants the following employees at NECC: Clay Stanton (Warden); Unknown Cutt (Functional Unit Manager); Unknown Hagood (Sergeant); and Unknown Perkins (Maintenance Worker). He names all defendants in both their individual and official capacities.

Plaintiff states that on September 13, 2023, he "attempt[ed] to jump on to the top bunk and the bunk flipped causing [him] to fall to the floor." ECF No. 1-1 at 10. The fall hurt his neck and lower back. He alleges defendant Perkins, NECC's maintenance worker, did not secure the bunk to the wall or floor. As to the other defendants, plaintiff alleges Hagood did not inspect the cell before placing plaintiff in it; Cutt did not check that her officers inspected the cell; and Stanton did not "ensure [plaintiff's] safety and security." ECF 1 at 4. In addition to injuring his neck and lower back, plaintiff states he has pain in his groin that makes it difficult to walk.

Attached to the complaint are several grievances, grievance responses, grievance appeals, and appeal responses. In these, plaintiff complains that he is not being treated by medical staff. He also attaches several health service requests (HSRs) and medical records, including x-ray results, that indicate he was being treated. Plaintiff's grievance appeal response states that on the date of the accident he was seen by medical staff, given an x-ray, and prescribed ibuprofen for pain. On

September 25, 2023, he was seen by a nurse on a sick call and again given ibuprofen. He was seen again on October 17, 2023 by a health care provider who ordered another x-ray of plaintiff's shoulder and back and placed a referral for an MRI. The x-rays and MRI were completed, and on April 1, 2024, plaintiff reviewed the results. He was instructed to follow up in two months. At the time of the grievance appeal, plaintiff had a follow-up appointment scheduled. *See* ECF 1-1 at 5. Another HSR states he was seen September 25, 2023 and "you will be seen by provider. You're already been referred." ECF No. 1-1 at 26. Plaintiff has also attached the x-ray report on his lumbar and sacral spine from October 23, 2023, which states his results were within acceptable limits. ECF No. 1-1 at 15.

For damages, plaintiff seeks $300,000 for his suffering and emotional distress and "lack of proper medical treatment." ECF No. 1 at 6.

## Discussion

### (1)   *Defendants Perkins and Hagood*

Plaintiff alleges defendant Perkins did not secure his bunk to the wall or the floor, causing it to fall over on him when jumped up to the top bunk. He alleges Hagood failed to inspect his cell before placing him there. To allege an Eighth Amendment violation based on the conditions of confinement, a prisoner must prove that the defendant's conduct rose to the level of a constitutional violation "by depriving the plaintiff of the minimal civilized measure of life's necessities." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *see also Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011). The constitutional question regarding prison conditions and confinement is whether the defendant "acted with deliberate indifference." *Saylor v. Nebraska*, 812 F.3d 637, 643 (8th Cir. 2016). A prison official is deliberately indifferent if he or she "knows of and disregards…a

substantial risk to an inmate's health or safety." *Id*. at 644; *see also Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007). Deliberate indifference requires more than mere negligence. *Id.* at 1076.

Plaintiff has not pled any facts suggesting his bunk falling on him was anything more than an accident, which does not demonstrate deliberate indifference. *See id.*; *see, e.g., Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (holding in a slip-and-fall case, "mere negligence on the part of prison officials is not a violation of a state prisoner's due process rights under the Fourteenth Amendment . . . [or] a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement"). The Court has no information that the bunk bed not being secured posed a substantial risk of serious harm to plaintiff and that defendants Perkins or Hagood knew of and disregarded this substantial risk. For example, the Court cannot determine whether the bunks at NECC were typically secured to the wall or floor, whether the manufacturer of the bunks intended them to be secured to the wall or floor, whether other inmates had flipped their bunks, etc. Based on the complaint, the Court cannot even determine whether the bunk had been secured to the wall or floor at some point, but became loose, or whether the bunk had always been free-standing. Furthermore, even if the Court were to find the unsecured bunk posed a substantial risk of serious harm, plaintiff has not alleged Perkins or Hagood deliberately disregarded this substantial risk.

Plaintiff has not alleged facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. For this reason, the Court finds plaintiff has not stated a plausible claim that defendants Perkins or Hagood were deliberately indifferent to a substantial risk to plaintiff's safety. His claims against these defendants will be dismissed.

*(2)     Defendants Warden Stanton and FUM Cutt*

Likewise, plaintiff's claims against defendants Stanton and Cutt will be dismissed. Plaintiff has not alleged these defendants personally violated his constitutional rights. Rather, he states: "Cutt [] is over the housing unit and did not make sure her officers are inspecting these cells, Clay Stanton [] did not ensure my safety and security." ECF No. 1 at 5. However, government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior. *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). Because Plaintiff has not alleged defendants Cutt and Stanton directly participated in any constitutional violation, the Court will dismiss Plaintiff's claims against them.

*(3)     Medical Claims*

Finally, plaintiff alleges he received constitutionally inadequate medical care. Plaintiff's medical and correctional records, which he has attached as exhibits to his complaint, indicate he was seen by medical professionals on four or five separate occasions.[1] He received x-rays twice and an MRI. As of July 31, 2024, he had an upcoming follow-up appointment, which had been recommended by medical staff. *See* ECF 1-1 at 5, 11, 15, 23-26.

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

Additionally, he has not alleged any of the named defendants were personally responsible for any denial of medical care and treatment. Defendants are all members of NECC's correctional staff and are not medical professionals. Plaintiff does not allege that Stanton, Cutt, Hagood, and Perkins were deliberately indifferent to his medical needs. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Section 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *see also Love v. Schoffman*, 142 Fed. App'x 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint "did not specify which of the many named defendants was responsible for each of the alleged harms").

Plaintiff has not alleged any facts connecting defendants to any alleged failure to provide medical care. For this reason, his claims of deliberate indifference to serious medical needs will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $17.30 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Clay Stanton, Unknown Cutt, Unknown Hagood, and Unknown Perkins are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 4]

An Order of Dismissal will accompany this Memorandum and

Order. Dated this 23rd day of December, 2024.

                                             HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE